Before HILL, KRAVITCH and HENDERSON, Circuit Judges.

PER CURIAM:

Appellant seeks to discharge, through bankruptcy proceedings, an indebtedness resulting from a student loan. The bank handling the loan, Adel Banking Co. filed a timely proof of claim. The claim subsequently was transferred to appellee Georgia Higher Education Assistance Corp. (GHEAC). Pursuant to Bankruptcy Rule 302(d), the bankruptcy court approved the transfer to GHEAC. The bankruptcy court also entered an order holding appellant's student loan to be dischargeable. On appeal, the district court, 6 B.R. 1011, reversed the bankruptcy court's ruling that the loan was dischargeable but affirmed approval of the transfer from Adel to GHEAC. We affirm both actions of the district court.

Appellant's argument that his student loan is dischargeable fails under the decision of the former Fifth Circuit in *In re Williamson*, 665 F.2d 683 (5th Cir. 1982) (Unit B).[1] Similarly unavailing is appellant's charge that the bankruptcy court abused its discretion in approving the transfer of claim from Adel to GHEAC. Although GHEAC's proof of claim did not become official until after the applicable time period had elapsed, this filing did not create a new claim. Rather, it constituted a substitution of parties with no change in the nature of the claim against appellant. Accordingly, GHEAC's filing related back in time to the original filing by Adel and therefore was not untimely. *See* Fed.R. Civ.P. 15(c); *Fidelity & Deposit Co. v. Fitzgerald*, 272 F.2d 121, 129 (10th Cir. 1959), *cert. denied*, 362 U.S. 919, 80 S.Ct. 669, 4 L.Ed.2d 738 (1960); *In re Whicker*, 47 F.2d 106, 108 (5th Cir. 1931). *See generally* Ad-

visory Committee's Note to Bankruptcy Rule 302. In light of the circumstances giving rise to the tardy claim by GHEAC, we cannot say that the bankruptcy court abused its discretion in allowing the claim. *Cf. Adams v. Evans*, 642 F.2d 173 (5th Cir. 1981) (holding abuse of discretion as the standard of review for a bankruptcy court's decision on whether to allow claims). Because the district court properly upheld this approval of transfer, its judgment is

AFFIRMED.

Mercedes **DUVALLON**, Petitioner-Appellant,

v.

The State of **FLORIDA**, Respondent-Appellee.

No. 82–5507
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Nov. 8, 1982.

F.2d 33, 34 (11th Cir. 1982).

---

1. *Williamson* is adopted as the law of this circuit. *Stein v. Reynolds Securities, Inc.*, 667

**484**

Mercedes Duvallon, pro se.

William Thomas, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before HILL, KRAVITCH and HENDERSON, Circuit Judges.

PER CURIAM:

This appeal presents the question of whether a petitioner who has been convicted of a state offense, the penalty for which is a fine with no provision for incarceration, is "in custody" for the purpose of federal habeas corpus jurisdiction. The district court decided the question negatively and dismissed for lack of jurisdiction. We affirm.

Clad only in a sign which hung across the front portion of her body, appellant, Mercedes Duvallon, picketed in front of the City of Miami Police Department. As a result, she was arrested and convicted of violating the Florida breach of the peace and disorderly conduct statute. Fla.Stat. Ann. § 877.03.[1] At trial, on December 6, 1979, appellant was fined $500.00 plus court costs. The conviction was affirmed by the Eleventh Judicial Circuit of Florida.

For a period of two years after sentencing, appellant failed to pay the imposed fine. On December 15, 1981, at a hearing held in Dade County Court to ascertain why payment had not been made, appellant testified that she had no money. The county court stayed execution of the sentence for sixty days to afford appellant additional time in which to commence at least partial payment. The court indicated that a payment of even five or ten dollars might suffice to cover her exposure to a contempt citation; if no payment was made within sixty days, a hearing would be held to determine if appellant is willfully refusing to pay. If so, appellant may be jailed for contempt.

Appellant filed a petition for federal habeas relief, 28 U.S.C. § 2254, alleging that her conviction was in violation of the First and Fourteenth amendments. Upon the recommendation of the U.S. Magistrate, the district court found petitioner was not "in custody" as required by § 2254 and dismissed the petition for lack of jurisdiction.

We find appellant's argument that she is now "in custody" as scanty as her attire at the time of her arrest. 28 U.S.C. § 2254 requires an applicant for habeas relief to be "in custody pursuant to the judgment of a State court . . . ." A petitioner need not be under actual physical restraint in order to be "in custody" for purposes of the statute. *Westberry v. Keith,* 434 F.2d

---

1. There is some confusion over whether this conviction was under § 877.03 or the Florida public nudity statute, Fla.Stat.Ann. § 800.03. The order of the district court refers to a conviction under § 800.03, but the appellant and the appellee both state that the conviction was under § 877.03. Resolution of the inconsistency is not necessary at this time, given our disposition of the appeal.

623, 624 (5th Cir. 1970).[2] In the context of habeas proceedings, the "in custody" requirement may also be met where a petitioner is on probation, parole or bail. *Id.; Hensley v. Municipal Court,* 411 U.S. 345, 349, 93 S.Ct. 1571, 1573, 36 L.Ed.2d 294 (1973); *Jones v. Cunningham,* 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963). The Supreme Court, however, has found that the custody requirement must be interpreted so as to "preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court,* 411 U.S. at 351, 93 S.Ct. at 1574. Where, as here, the judgment of the state court imposes only a fine with no provision for incarceration, appellant's liberty is not restrained, she is not "in custody" and her bare assertion of constitutional deprivation will not support federal court jurisdiction for § 2254 relief. *Westberry v. Keith,* 434 F.2d at 624–25. *See also Wright v. Bailey,* 544 F.2d 737 (4th Cir. 1976) (petitioner not "in custody" where conviction for disorderly conduct resulted in a fine with no provision for incarceration), *cert. denied,* 434 U.S. 825, 98 S.Ct. 72, 54 L.Ed.2d 82 (1977); *Pueschel v. Leuba,* 383 F.Supp. 576 (D.Conn. 1974) (imposition of $100 fine is not a sufficient restraint of liberty to satisfy the "in custody" requirement).

Peeling away the confusion engendered by appellant's assertion that her incarceration for contempt is a virtual certainty, the existence of the possibility that appellant will be found in contempt and incarcerated for willful failure to pay the fine does not change the result. In *Tate v. Short,* 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), the Supreme Court invalidated the imprisonment of an indigent incarcerated solely because of his actual inability to pay a fine. The defendant was convicted of a traffic offense for which the penalty was only a fine but was jailed, despite indigency, under a separate statute which authorized incarceration for failure to pay a fine. In reaching its result the Court carefully explained: "[w]e emphasize that our holding today

does not suggest any constitutional infirmity in imprisonment of a defendant with the means to pay a fine who refuses or neglects to do so." *Id.* at 400, 91 S.Ct. at 672.

The Florida court has indicated that appellant would not be imprisoned and stripped of her liberty until after a hearing in which it is revealed that she is financially able to pay the fine but willfully refuses to do so. Any incarceration at that point would be in the nature of a penalty for contempt and would be separate from the conviction appellant now seeks to challenge. *Cf. Hanson v. Circuit Court of First Judicial District,* 591 F.2d 404 (7th Cir.) (incarceration in California for offense unrelated to conviction in N.D.Ill. for which petitioner received a fine only does not provide habeas jurisdiction in N.D.Ill. for the fine only conviction), *cert. denied,* 444 U.S. 907, 100 S.Ct. 220, 62 L.Ed.2d 143 (1979). If after a hearing appellant is sentenced to imprisonment for willful failure to pay the fine, then and only then will she be "in custody pursuant to the judgment of a State court ...." If appellant would challenge that incarceration on the basis of the First Amendment, she could then return to the federal forum, provided state remedies have been exhausted. 28 U.S.C. § 2254. Appellant's attempt to cloak her current condition in "custody" garb because of the potential for incarceration for contempt does not adequately cover the requirements of § 2254.

The dismissal of the petition for habeas relief for lack of jurisdiction is AFFIRMED.

*City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

**2.** The Eleventh Circuit has adopted as precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981. *Bonner v.*