948 F.2d 1294
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jayme Leroy HAYES, Petitioner-Appellant,
v.
Gary MAYNARD, Director, and Attorney General, State of
Oklahoma, Respondents-Appellees.
 No. 91-5083.
 United States Court of Appeals, Tenth Circuit.
 Nov. 15, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Jayme Leroy Hayes, a state inmate appearing pro se, appeals from a district court order denying him leave to withdraw a previous motion to amend his habeas petition. Mr. Hayes was placed in custody of the Oklahoma Department of Corrections following three felony convictions (Case Numbers CRF-87-1981, CRF-87-2228 and CRF-87-2463) rendered March 28 and April 29, 1988, in Tulsa County, Oklahoma. In CRF-87-2228 and CRF-87-2463, Mr. Hayes received consecutive sentences amounting to 35 years. In CRF-87-1981, he received a five-year sentence to run concurrently with the other sentences.
 
 
 3
 In a habeas proceeding brought pursuant to 28 U.S.C. § 2254, Mr. Hayes challenged all three convictions. However, he later filed a motion to amend his petition and dismiss that portion which attacked the conviction in CRF-87-1981. The motion was granted. Later, upon reconsideration, Mr. Hayes again determined to challenge the conviction in CRF-87-1981, so he filed a motion to withdraw his earlier motion to amend. This time the district court denied his request, stating that Mr. Hayes could not renew a challenge to a conviction for which he is no longer in custody. It is this order which we are called upon to review. We affirm.
 
 
 4
 Under the federal habeas statute, district courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The underlying question here is whether Mr. Hayes is "in custody" as that statute requires. Mr. Hayes concedes that prior to filing his federal habeas application he had already discharged his prison sentence under CRF-87-1981.[1] Appellant's Reply at 3. Hence, without more, Mr. Hayes cannot be considered to be "in custody." See Maleng v. Cook, 490 U.S. 488 (1989) (rejects the notion that after sentence has expired, collateral consequences of a conviction, such as inability to vote, engage in certain businesses, hold public office, or serve as a juror, constitute "custody"). He does not, for example, challenge his sentences under the other two convictions as having been enhanced by his conviction in CRF-87-1981. See id. Nor does he indirectly challenge his conviction in CRF-87-1981 on the same grounds. See Gamble v. Parsons, 898 F.2d 117 (10th Cir.1990).
 
 
 5
 Instead, Mr. Hayes points to the fact that he was ordered to pay court costs upon his release. Under Oklahoma law, if Mr. Hayes refuses to pay costs, the order to pay "shall be enforced by imprisonment until the same shall be satisfied at a rate of Five Dollars ($5.00) per day." Okla.Stat. tit. 28, § 101. Because of this, Mr. Hayes maintains that the district court may properly assert jurisdiction. We believe his argument misunderstands the role of habeas relief.
 
 
 6
 The federal habeas statute does not provide a remedy for all sanctions improperly meted out by government officials. Its traditional object has been to effect release from illegal confinement. Preiser v. Rodriguez, 411 U.S. 475, 486 n. 7 (1973). While the "in custody" requirement as interpreted does not in fact require physical detention in all cases, see, e.g., Jones v. Cunningham, 371 U.S. 236 (1963) (prisoner placed on parole is still "in custody"), it is not satisfied when one is merely ordered to pay money. See, e.g., Hanson v. Circuit Court of First Judicial Circuit of Illinois, 591 F.2d 404, 407 (7th Cir.1979), cert. denied, 444 U.S. 907 (1979); Wright v. Bailey, 544 F.2d 737, 739 (4th Cir.1976), cert. denied, 434 U.S. 825 (1977); Russel v. City of Pierre, S.D., 530 F.2d 791, 792 (8th Cir.1976), cert. denied, 429 U.S. 855 (1976). The fact that Mr. Hayes' refusal to pay may result in imprisonment does not call for a different rule. See, e.g., Dremann v. Francis, 828 F.2d 6, 7 (9th Cir.1987) (while refusal to pay may result in confinement, future confinement too speculative to warrant relief); Spring v. Caldwell, 692 F.2d 994, 999 (5th Cir.1982) (an arrest warrant issued for willful refusal to pay a fine does not amount to "custody"), rhrg. denied, 697 F.2d 1092 (5th Cir.1983); Duvallon v. Florida, 691 F.2d 483 (11th Cir.1982), cert. denied, 460 U.S. 1073 (1983). Mr. Hayes' remedy for an improper monetary sanction, as opposed to imprisonment, lies primarily in the review process he has been afforded.
 
 
 7
 Accordingly, the district court did not abuse its discretion in refusing to allow Mr. Hayes to withdraw his earlier motion to amend. The district court's order is AFFIRMED. Appellant's Motion to Strike Appellee's Brief is DENIED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 As interpreted, the federal habeas statute requires that the habeas petitioner be "in custody" under the conviction or sentence he is attacking only at the time his petition is filed. Caragas v. LaValle, 391 U.S. 234, 238 (1968). If the petitioner is discharged from custody after the petition is filed, the continuing viability of the action is measured by federal standards of "mootness" as opposed to the "in custody" requirement of the statute. See D.S.A. v. Circuit Court Branch 1, 942 F.2d 1143, 1145 n. 2 (7th Cir.1991)