[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13446

_____

D. C. Docket No. 6:09-cv-01061-MSS-GJK

HERBERT PRICE, JR.,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 21, 2013)

Before JORDAN and ANDERSON, Circuit Judges, and ALBRITTON,[*] District
Judge.

JORDAN, Circuit Judge:

_____

[*] Honorable William H. Albritton III, United States District Judge for the Middle District of
Alabama, sitting by designation.

In 2003, a Florida jury convicted Herbert Price Jr. of sexual battery on a physically incapacitated person in violation of § 794.011(4)(f) of the Florida Statutes. The trial court sentenced Mr. Price to ten years in prison followed by fifteen years of probation. After exhausting direct appeals and state collateral attacks, Mr. Price sought federal habeas relief in the United States District Court for the Middle District of Florida, alleging that his trial counsel rendered ineffective assistance by failing to object to the prosecution's use of a peremptory strike during jury selection.

The district court denied habeas relief, ruling that Mr. Price could not establish prejudice under Eleventh Circuit precedent. *See Price v. Sec'y., Dept. of Corr.*, No. 6:09–cv–1061–Orl–35GJK, 2011 WL 2561246, at *8 (M.D. Fla. June 28, 2011). Nonetheless, the district court granted a certificate of appealability on Mr. Price's claim of ineffective assistance of counsel. *Id.* Our review is limited to the issue specified in the certificate of appealability, *see Murray v. United States*, 145 F.3d 1249, 1250 (11th Cir. 1998), and for the reasons that follow, we affirm the district court's denial of relief.

# I

Mr. Price, an African-American man charged with and convicted of a sex crime against a blind Caucasian woman, alleges that his trial counsel rendered constitutionally deficient assistance in failing to object to the prosecution's use of a

2

peremptory strike to remove Hilda Edlow, an African-American woman, from the jury venire. *See generally Strickland v. Washington*, 466 U.S. 668 (1984); *Batson v. Kentucky*, 476 U.S. 79 (1986). Throughout the examination of the venire, the primary focus of both the prosecution and the defense was each prospective juror's ability to impartially examine the evidence and decide the guilt or innocence of a man charged with a crime against a physically incapacitated person.  The prosecution and defense each devoted the vast majority of their inquiries to determining whether the potential jurors would be unduly sympathetic to a blind victim.

Ms. Edlow was one of the few members of the venire who gave any indication that she might have difficulty applying the same standard to the sighted and unsighted alike. But in the end, she agreed that, if the blind refuse to see themselves as handicapped, society should hold them to the same standard as the able-bodied.  The prosecution struck prospective jurors who were initially hesitant and ultimately equivocal, as well as those who said that the blind neither deserve nor should receive any special accommodations or treatment at trial.  When the prosecution struck Ms. Edlow from the venire using one of its available peremptory challenges, defense counsel did not object.

Mr. Price was subsequently convicted and sentenced to ten years in prison followed by fifteen years of probation.  Though his term of imprisonment recently

3

expired, his term of probation and designation as a sexual predator remain, and that means he is still "in custody" for purposes of 28 U.S.C. § 2254. *See Duvallon v. Florida*, 691 F.2d 483, 484 (11th Cir. 1982) ("In the context of habeas proceedings, the 'in custody' requirement may also be met where a petitioner is on probation, parole or bail.").

## II

After his conviction became final, Mr. Price filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. As to his claim of ineffective assistance of counsel, the trial court denied relief without an evidentiary hearing:

> In Ground II, Defendant argues that Trial Counsel rendered ineffective assistance by failing to object to the State's peremptory challenge to a black female venire person during jury selection. In Ground III, Defendant argues that Trial Counsel rendered ineffective assistance by failing to object to the State's peremptory challenges to one or more male venire persons during jury selection. The Court finds that both of these claims are facially insufficient, in that Defendant does not allege and cannot demonstrate that any biased juror actually served on his jury. Jenkins v. State, 824 So.2d 977, 984 (Fla. 4th DCA 2002). Accordingly, Grounds II and III are denied.

The Fifth District Court of Appeal affirmed, per curiam, the trial court's denial of Mr. Price's Rule 3.850 motion. *See Price v. State*, 965 So. 2d 468 (Fla. 5th DCA 2007).

The district court rejected the ineffective assistance of counsel claim on the prejudice prong of *Strickland*, ruling that Mr. Price "ha[d] not established that a

4

reasonable probability exists that a race or gender balanced jury would have been more likely to acquit or convict him of a lesser offense." *Price*, 2011 WL 2561246, at *7. The district court then observed our apparent consternation in *Eagle v. Linahan*, 279 F.3d 926, 943 n. 22 (11th Cir. 2001), as well as its own, with the practical implications of requiring a showing of *Strickland* prejudice in this context and granted a certificate of appealability on the ineffectiveness claim.

### III

Under the Antiterrorism and Effective Death Penalty Act (AEDPA) we may not grant federal habeas relief unless the state court's adjudication of Mr. Price's claim

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Mr. Price argues that the standard articulated by the state court is not, in fact, the federal standard for a *Batson*-based *Strickland* claim. If Mr. Price were right that the state court failed to apply the appropriate federal standard, its decision would not be entitled to AEDPA deference. *See Romine v. Head*, 253 F.3d 1349, 1365 (11th Cir. 2001) ("In other words, when there is grave doubt about whether the state court applied the correct rule of governing federal

5

law, § 2254(d)(1) does not apply.  That is what we have here, so we proceed to decide the issue *de novo*, as the district court did.").

Because Mr. Price cannot show that his counsel's conduct was prejudicial in the *Strickland* sense under *de novo* review, "we need not determine whether AEDPA's deferential standard of review . . . applies in this situation."  *Trepal v. Sec'y, Fla. Dept of Corr.*, 684 F.3d 1088, 1109 (11th Cir. 2012) (quoting *Berghuis v. Thompkins*, 560 U.S. 370, (2010)).  "That is[,] even if AEDPA deference does not apply, [Mr. Price] cannot show [prejudice] under *de novo* review, the more favorable standard of review for [him]."  *Id.*

In order to succeed on his ineffective assistance of counsel claim, Mr. Price must show−in addition to deficient performance−a reasonable probability that "the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  Although a successful *Batson* claim requires automatic reversal on direct appeal, *see Rivera v. Illinois*, 556 U.S. 148, 161 (2009), the same is not true on collateral review.  Despite Mr. Price's arguments to the contrary, "the law of this circuit [is] that an ineffective assistance of counsel claim based on the failure to object to a structural error at trial requires proof of prejudice."  *Purvis v. Crosby*, 451 F.3d 734, 742 (11th Cir. 2006) (addressing partial closing of a courtroom during trial).  In *Jackson v. Herring*, 42 F.3d 1350, 1361 (11th Cir. 1995), for example, we addressed the showing *Strickland* requires of petitioners alleging ineffective

assistance of counsel for failure to raise an equal protection objection under *Swain v. Alabama*, 380 U.S. 202 (1965). We proceeded to "determine whether there [was] a 'reasonable probability' of a different result sufficient to undermine our confidence in the outcome of [the] case." *Jackson*, 42 F.3d at 1361. We are bound to do the same here, despite having expressed some concerns about *Jackson* in *Eagle*, 279 F.3d at 943 n. 22.

Having conducted a thorough review of the record, we agree with the district court that "there is no evidence that an African American juror would have seen the evidence any differently than the white jurors seated on the jury." *Price*, 2011 WL 2561246, at \*7. As the district court noted, race was not the central theme of this case, and did not play a significant role. To be sure, the victim in this case was Caucasian, and both Ms. Edlow and Mr. Price were African-American. But that alone does not establish that "there is a 'reasonable probability' of a different result sufficient to undermine our confidence in the outcome of this case." *Jackson*, 42 F.3d at 1361. Significantly, Mr. Price does not attempt to show otherwise.

## IV

Under our precedent, Mr. Price was not prejudiced under *Strickland* by his counsel's failure to object to the prosecution's strike of Ms. Edlow. We therefore affirm the district court's denial of habeas relief.

**AFFIRMED.**

ANDERSON, Circuit Judge, concurring:

I join the opinion for the court.  In addition, I note that affirmance is also required for a separate and independent reason – i.e., the record reveals an absence of evidence that the performance of defendant's trial counsel was deficient under *Strickland v. Washington*, 466 U.S. 668 (1984).  There is on the face of the voir dire record a race-neutral reason for the prosecutor's strike of Ms. Edlow.  Moreover, that record also reveals a good reason why the defense counsel might not have wanted to object to the strike.  Finally, Price has adduced no evidence of deficient performance, and has failed to preserve any possible error with respect to the failure to hold an evidentiary hearing.