301 Ga. 814
FINAL COPY

S17A0891. THE STATE v. BUTLER.

BOGGS, Justice.

The State appeals from the trial court's order granting the petition of DeCarlos Bobby Butler for a writ of habeas corpus on the ground that he received ineffective assistance of plea counsel. The habeas court erred in granting Butler's petition, because his allegations of ineffective assistance were procedurally barred by not having been raised at the first practicable moment. We therefore reverse the judgment of the habeas court.

In 2010, Butler was indicted in Fulton County on one count of aggravated assault arising out of an altercation with his roommates, in which he slashed the victim repeatedly with a box cutter, inflicting serious and permanent injuries. On January 18, 2011, represented by counsel from the public defender's office, Butler appeared before the trial court and entered a non-negotiated plea pursuant to the First Offender Act, OCGA § 42-8-60 et seq., and was sentenced to eight

years to serve 18 months. Several hearings ensued with reference to Butler's motion to withdraw or amend the plea, at which he was represented at different times by privately retained counsel and by the public defender's office. That motion was ultimately denied.

On March 16, 2012, Butler and a third attorney, also from the public defender's office, appeared before the court on a sentence modification agreed to by the State concerning additional restitution. Butler also requested and received a downward modification of his sentence from 18 months to serve to instead serve one year. These modifications were reflected on a "Final Disposition" form entered on March 16, 2012. While a box marked "Re-sentencing" at the top of the form was checked, the box marked "Revoked 1st Offender Sentence" was *not* checked. But neither the form nor the transcript of the brief March 16, 2012 hearing mentions Butler's first offender status.

In October 2013, the trial court noted that Butler had failed to pay probation fees, provide proof of schooling, supply a job log, complete his anger management class, or report in a timely manner. As a result, the State filed a petition to revoke his probation in early November 2013. After a hearing, the trial court agreed to maintain Butler's first offender probation despite his

2

violation of the conditions, but required additional compliance on his part in the form of six months of weekends in jail, warning Butler, "You miss one, you lose your first offender and I revoke you."

Butler failed, however, to report to jail after two weekends and never reported thereafter. In January 2014 he was arrested for family violence battery, and in March 2014 he was again arrested and charged with felony terroristic threats, misdemeanor obstruction of a law enforcement officer, and criminal trespass. After a hearing on April 21, 2014, at which he was represented by his third attorney, his first offender sentence was revoked, and he was resentenced to 20 years to serve eight, with the balance of 12 years to be served on probation.

After that revocation, Butler filed various pro se motions, seeking to modify his sentence and file an out-of-time appeal. But in January 2015, Butler retained a fourth attorney, who filed on his behalf a "Motion to Seek Clarification of Order and Final Disposition Felony Sentence with Probation" and a "Motion for Reconsideration." On July 17, 2015, the trial court amended Butler's sentence to 20 years to serve six, with the balance of 14 years probated.

Before that ruling, on June 26, 2015, Butler filed a pro se petition for a

writ of habeas corpus, alleging 25 separate grounds, primarily concerning various factual defenses to the original charges.[1] On February 2, 2016, Butler amended his petition, stating that he was adding three claims but appearing to assert only two: (1) that he was adjudicated guilty before receiving first offender treatment at his initial sentencing, and was thus ineligible for first offender treatment; and (2) that he was not informed that the trial court could increase his sentence if his first offender status was revoked.

A hearing before the habeas court was held on April 25, 2016. Neither Butler nor the State introduced any evidence, relying only on the record in the criminal proceeding. The habeas court issued its order granting relief on April 29, 2016. While observing that Butler's pleadings and arguments were "not models of clarity," the court construed them broadly as raising "concerns about whether the criminal court correctly applied the [First Offender Act] in sentencing Petitioner." The court further enlarged Butler's claims based on its

---

[1] Pretermitting whether Butler's filing of his initial habeas petition, while he was still represented by his fourth counsel on the motions for clarification and reconsideration, was void and of no effect, see Tolbert v. Toole, 296 Ga. 357, 363 (3) (767 SE2d 24) (2014), at the time of Butler's amended petition, which contained the only claims considered by the habeas court, no other motions were pending, and he represented himself at the habeas hearing.

4

observation that he "argued that he was denied effective assistance of counsel and that he was subjected to double jeopardy and received punishment that was cruel and unusual" at the habeas hearing. The habeas court observed that it "entreated Petitioner to outline all his habeas claims" at the hearing, and concluded that "all of Petitioner's habeas arguments but for those arguments based on the [First Offender Act] [were] abandoned."

With respect to those arguments, the habeas court found that the "Final Disposition" form entered after the brief March 16, 2012 hearing, at which the State and Butler's counsel agreed to a reduction of Butler's sentence, actually constituted an adjudication of guilt and thus terminated his first offender status. It further found that Butler's counsel at the time of the revocation pleadings, the same public defender who represented Butler at the March 2012 hearing, "was deficient in failing to be fully familiar with Petitioner's sentencing history — specifically, failing to know that he had previously been adjudicated guilty and was not subject to first offender treatment at the time the criminal court revoked Petitioner's first offender sentence." Further finding that Butler was prejudiced by receiving a significantly increased sentence as a result, the habeas court concluded that Butler's "counselor was ineffective such that Petitioner was

5

substantially deprived of his constitutional right to counsel." It granted the writ and directed that Butler be "promptly re-sentenced in accordance herewith." From this order, the State appeals.

The State contends that the omission of the first offender designation from the negotiated Final Disposition memorializing the agreed-upon sentence reduction of March 16, 2012 was a mere scrivener's or clerical error in the printed form, which is contradicted by other statements on that form. It also points to transcripts and orders from subsequent hearings in 2013 and 2014 showing that the State, Butler's counsel, and the trial court — the same judge throughout the proceedings — continued to treat Butler's sentence as one imposed under the First Offender Act until that sentence was revoked on April 29, 2014.[2] We need not reach that issue, however, because Butler's claim of ineffective assistance of counsel was procedurally barred by his fourth counsel's failure to raise it at the earliest opportunity, during his representation of Butler in the trial court.

It is a long-standing rule that

---

[2] Butler has not filed an appellee's brief. The State has noted that, while it intended to locate Butler through his probation officer, he has been released from custody and his whereabouts are unknown.

[i]n order to avoid a waiver of a claim of ineffective assistance against trial counsel, the claim must be raised at the earliest practicable moment, and that moment is before appeal if the opportunity to do so is available. The pre-appeal opportunity is "available" when the convicted defendant is no longer represented by the attorney who represented him at trial.

(Citation and punctuation omitted.) Williams v. Moody, 287 Ga. 665, 666 (1) (697 SE2d 199) (2010). "The rule is consistent: New counsel must raise the ineffectiveness of previous counsel at the first possible stage of post-conviction review." White v. Kelso, 261 Ga. 32 (401 SE2d 733) (1991).

In White, we directly addressed the applicability of this rule to a pro se petitioner for habeas corpus asserting the ineffectiveness of his trial counsel:

A pro se petitioner is in a position similar to that of new counsel. The petitioner may raise the ineffectiveness of previous counsel at the first practicable moment. But, in this case "previous counsel" is not the trial counsel, but appellate counsel. When petitioner made his first appearance in his own behalf, the claim of ineffectiveness of trial counsel had already been waived by his appellate counsel. Appellate counsel did not raise petitioner's claim of ineffectiveness of trial counsel in a motion for new trial or on direct appeal. The claim is therefore procedurally barred unless petitioner can demonstrate cause for the failure to raise the claim and prejudice arising therefrom. [Cit.]

Id. at 33. Here, similarly, Butler's "previous counsel" was not his third attorney, the public defender who represented him at the March 16, 2012 hearing and

7

subsequent hearings, including the revocation hearing on April 21, 2014. Rather, "previous counsel" was his fourth, privately retained attorney, who filed the motion to seek clarification and the motion for reconsideration on Butler's behalf in the trial court after entry of the revocation order, and failed to assert any claim of ineffective assistance.[3] That attorney having failed to raise allegations of ineffective assistance at the first possible stage of post-conviction review, those claims are barred. The habeas court erred in granting habeas relief on this basis, and we therefore reverse.

Judgment reversed. All the Justices concur, except Hunstein, J., who dissents.

---

[3] Because Butler's fourth counsel was privately retained and not an attorney in the public defender's office, we do not treat him as one of "a succession of attorneys from the same public defender's office," who "are not to be considered 'new' counsel for the purpose of raising ineffective assistance claims under White v. Kelso, supra." Ryan v. Thomas, 261 Ga. 661, 662 (409 SE2d 507) (1991).

Decided August 28, 2017.

Habeas corpus. Fulton Superior Court. Before Judge Downs.

Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, David K. Getachew-Smith, Sr., Arthur C. Walton, Lyndsey H. Rudder, Assistant District Attorneys; Christopher M. Carr, Attorney General, for appellant.

DeCarlos Bobby Butler, pro se.