[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12388
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-21565-KMW

JOAQUIN DE JESUS BLANCO,

Petitioner-Appellant,

versus

STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 5, 2020)

Before MARTIN, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

Joaquin de Jesus Blanco, a Florida prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for lack of jurisdiction. On appeal, he argues that he was "in custody" at the time he filed his petition—as required by 28 U.S.C. § 2241(c)(3)—because the statutory fine imposed on him restricted his economic and liberty interests such that the district court's dismissal was erroneous.

As background, Blanco was convicted in Florida state court of trafficking in methamphetamine. He was sentenced to a term of imprisonment, a term of probation upon release from prison, and a fine. At the time of sentencing, his fine was reduced to a civil judgment against him. Blanco exhausted all direct and state collateral appeals. Thereafter, he filed his § 2254 petition in federal court.

While Blanco's case was pending in the district court, the magistrate judge took judicial notice of the available online state trial-court docket for Blanco's case. He also reviewed Blanco's profile in the online database of released and current offenders who were or are in custody of the Florida Department of Corrections. These records, which were made a part of the case record, reflect that Blanco was released from prison in 2012, and he completed his probation in 2014. So as of April 19, 2018, he was neither in prison nor on probation in association with his trafficking-in-methamphetamine state conviction. Nor was he on bail related to that conviction.

2

After Blanco completed his probation, though, the State sold his remaining debt on the $50,000 civil judgment to a private debt-collection business.  Blanco, who states he is disabled under Title II and lives on a fixed government income of less than $20,000 per year because of his disability, asserts that he does not have the financial ability to pay off the debt.  According to Blanco, the private debt-collection business that bought his debt has threatened to seek incarceration of Blanco if he fails to pay the fine.

Whether a § 2254 petitioner is "in custody pursuant to the judgment of a State court" is a jurisdictional question that we review *de novo*.  *Diaz v. State of Fla. Fourth Judicial Cir. ex rel. Duval Cty.*, 683 F.3d 1261, 1263 (11th Cir. 2012).  We also construe the pleadings of a *pro se* litigant liberally.  *Pugh v. Smith*, 465 F.3d 1295, 1297 (11th Cir. 2006).  Nevertheless, under the prior-panel-precedent rule, we are bound by our prior decisions unless and until they are overruled or undermined to the point of abrogation by the Supreme Court or by us sitting *en banc*.  *United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012).

To bring a habeas action, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Section 2241 thus requires the petitioner to be "in custody" under the conviction or sentence he seeks to attack at the time his petition is filed.  *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).  When a prisoner's sentence has fully expired, he is not "in

3

custody" as required by § 2241, and "the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989).

The custody requirement may be met where a § 2254 petitioner is on probation, parole, or bail. *Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982). Nevertheless, we construe the custody requirement to "preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Id.* (quotation marks omitted). Accordingly, although a petitioner need not be subject to physical restraint to be "in custody," he must be subject to "significant restraint" on his individual liberty that is not shared by the general public. *Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015).

We have held that no such restraint exists on a § 2254 petitioner's liberty where the state court's judgment imposes only a fine with no provision for incarceration and the petitioner has the ability to pay. *Duvallon*, 691 F.2d at 484-85; *see also Tate v. Short*, 401 U.S. 395, 400 (1971) ("[O]ur holding today does not suggest any constitutional infirmity in imprisonment of a defendant with the means to pay a fine who refuses or neglects to do so."). Thus, in such circumstances, the petitioner is not "in custody" for purposes of habeas relief. *Duvallon*, 691 F.2d at 485 ("Peeling away the confusion by appellant's assertion that her incarceration for contempt is a virtual certainty, the existence of the possibility the appellant will be

4

found in contempt and incarcerated for willful failure to pay the fine does not change the result.").

Here, though, Blanco asserts that he is financially unable to pay because he has a fixed income of less than $20,000 per year. He further asserts that, based on the alleged threats of incarceration from the private debt-collection business, he will not have the opportunity to have a hearing on his ability to pay before being jailed for failure to pay. But Blanco has not provided any evidence or details of the debt-collection business's alleged threats. Nor does the record contain any information about the details of the private debt-collection business's purchase of the outstanding debt on Blanco's fine. So nothing of record demonstrates that the debt-collection business has the ability to obtain Blanco's imprisonment without a hearing if he does not have the ability to pay.

In a habeas proceeding, the petitioner bears the burden of establishing his right to federal habeas relief. *Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001). Because Blanco has failed to show that the debt-collection business is able to obtain his imprisonment without a hearing if he lacks the ability to pay, this case is governed by *Duvallon*. As a result, Blanco has not demonstrated that he is "in custody," so the district court correctly held that it lacked jurisdiction over his petition.

**AFFIRMED.**

5