[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 22-10291

Non-Argument Calendar

_____

DE'CARLOS BOBBY BUTLER,

                                                    Plaintiff-Appellant,

*versus*

STATE OF GEORGIA,
ATTORNEY GENERAL, STATE OF GEORGIA,
THE DISTRICT OF FULTON COUNTY,
DEKALB COUNTY,
DISTRICT ATTORNEY OFFICE, OF FULTON COUNTY, et al.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-01589-SCJ

_____

Before ROSENBAUM, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

De'Carlos Butler, proceeding *pro se*, appeals the district court's dismissal with prejudice of his 42 U.S.C. § 1983 amended complaint for failure to state a viable claim and its denial as futile of his motion for leave to file a second amended complaint. After careful review, we affirm.

**I.**

In April 2021, Butler filed a civil-rights lawsuit under § 1983 against nearly thirty Georgia state, county, and municipal entities and officials. The suit arose out of his state criminal proceedings. According to the operative amended complaint, Butler was found guilty of a felony in March 2012 and received a "modified" sentence of eight years, with one to be served in confinement. In April 2014, he was resentenced to twenty years, with eight years in confinement, later was reduced to six years in confinement in July 2015.

Butler alleged that the 2014 sentence was a "void, illegal, and double jeopardy sentence" imposed in violation of his rights under the Fourth, Fifth, Eighth, Thirteenth, Fourteenth, and Fifteenth Amendments to the U.S. Constitution, as well as under state law.

Because, in Butler's view, the sentence was void, his original sentence "expired" in May 2019, and he had been unlawfully arrested and confined from February 2020 to March 2021 for a probation violation stemming from the underlying sentence. Butler sought injunctive relief from the sentence and monetary damages.

The amended complaint did not otherwise identify specific wrongful actions by specific defendants or explain why Butler believed his sentence was illegal and void. Nevertheless, an opinion by the Georgia Supreme Court arising from Butler's state postconviction proceeding provides some relevant context. *State v. Butler*, 804 S.E.2d 414, 416 (Ga. 2017).

According to the Georgia Supreme Court, in January 2011, Butler entered a non-negotiated plea under the First Offender Act, O.C.G.A. § 42-8-60 *et seq.*, and was sentenced to 8 years and to serve 18 months. *Id.* at 415. In March 2012, his sentence was modified by agreement "to instead serve one year" rather than 18 months.

In November 2013, the state petitioned to revoke Butler's probation. The trial court agreed to maintain his first offender probation on the condition that he spend six months of weekends in jail. But Butler failed to report to jail after two weekends, and he was arrested in January 2014 and March 2014 for other crimes. That led to a hearing in April 2014, at which "his first offender sentence was revoked, and he was re-sentenced to 20 years to serve 8, with the balance of 12 years to be served on probation." *Id.* Then,

in July 2015, "the trial court amended Butler's sentence to 20 years to serve 6, with the balance of 14 years probated." *Id.* at 416.

In the state postconviction proceeding, the habeas court agreed with Butler's argument that the March 2012 sentence modification "constituted an adjudication of guilt and thus terminated his first offender status." *Id.* As a result, according to the habeas court, Butler was not a first offender when, in April 2014, the trial court purported to revoke his first-offender sentence and resentenced him under the First Offender Act, and his attorney was ineffective for failing to raise the issue. The state appealed that ruling, but the Georgia Supreme Court declined to resolve it, holding that Butler's claim of ineffective assistance based on his first-offender status was not raised soon enough and so was procedurally barred. *Id.* at 416–17. Thus, the court reversed the decision granting habeas relief. *Id.* at 417.

Back in the district court, the defendants filed motions seeking dismissal of Butler's lawsuit on multiple grounds, including failure to state a claim and various types of immunity. While those motions were pending, Butler requested leave to amend and submitted proposed amendments. He did not respond in opposition to the motions to dismiss.

The district court granted the motions to dismiss and denied leave to amend. In the court's view, Butler failed to state a claim because he did not "connect Defendants to any facts indicating that they committed any specific unlawful acts." The court noted that "no Defendant is alleged to have committed any specific act" and

that Butler's factual allegations "consist of instances of him being arrested, convicted, or sentenced paired with conclusory allegations that these incidents violated his rights," which were insufficient to state a plausible claim.

The district court also concluded that the lawsuit was subject to dismissal because Butler failed to show that "Defendants do not enjoy immunity or are otherwise subject to this lawsuit." The court explained that several named defendants were not legal entities subject to suit, that Butler failed to allege a policy or custom for municipal liability, that many defendants were protected by Eleventh Amendment and sovereign immunity, that the individual defendants enjoyed qualified immunity for any § 1983 claim, that judges and prosecutors were entitled to absolute immunity, and that the *Rooker-Feldman*[1] doctrine barred Butler's collateral attack on his sentence. Finding that those same defects were present in the proposed amendments, the district court denied as futile Butler's motion for leave to amend. Butler appeals, arguing that the district court erred in dismissing his amended complaint and denying leave to amend. For the reasons set forth below, we now affirm.

---

[1] The *Rooker-Feldman* doctrine is named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

## II.

We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). We also liberally construe documents written by *pro se* litigants. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8's standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Rather, to prevent dismissal under Rule 12(b)(6), a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Hunt*, 814 F.3d at 1221 (quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotation marks omitted).

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States." *Emory v. Peeler*, 756 F.2d 1547, 1554 (11th Cir. 1985). The plaintiff's factual allegations must connect the defendants with the alleged

constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1321–22 (11th Cir. 2008).

Here, the district court did not err in granting the defendants' motions to dismiss. The court found that the amended complaint failed to state a claim because it did not connect the defendants to any specific unlawful acts. We agree. As the court observed, the allegations "consist of instances of him being arrested, convicted, or sentenced paired with conclusory allegations that these incidents violated his rights." The allegations did not identify how Butler's sentences were void or illegal or how the defendants violated Butler's constitutional rights. The court properly concluded that these conclusory allegations of wrongdoing were insufficient to state a claim. *See Hunt*, 814 F.3d at 1221; *Iqbal*, 556 U.S. at 678. For these reasons, we affirm the dismissal of Butler's amended complaint.

## III.

We also affirm the district court's denial as futile of leave to amend. We review that decision *de novo*. *Freeman v. First Union Nat'l*, 329 F.3d 1231, 1234 (11th Cir. 2003).

A district court should freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A *pro se* party ordinarily must be given at least one chance to amend the complaint before the court dismisses an action with prejudice. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). But a court need not grant leave to amend when "a more carefully drafted

complaint could not state a claim." *Id.* (quotation marks omitted). In other words, the court may deny leave to amend when amendment would be futile. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). "The futility issue is concerned less with whether [the plaintiff] has otherwise stated a claim . . . than with whether, when all is said and done, he can do so." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019).

Here, the district court did not err by denying leave to amend. Taking all his filings into account, we are not persuaded that Butler could state a plausible claim even with a more carefully drafted complaint. Despite the nearly thirty named defendants, Butler's claims boil down to a collateral attack on the sentence imposed by the state trial court in April 2014, when the court revoked (or purported to revoke) his first-offender sentence and resentenced him under the First Offender Act. In Butler's view, the court lacked the authority to resentence him because, due to a sentence modification in March 2012, he had been adjudicated guilty of a felony and lost his first-offender status at that time. Butler does not allege that the defendants committed any conduct that would be wrongful even if the 2014 sentence were valid. Rather, the defendants' § 1983 liability was based solely on the allegedly illegal sentence.

But when a plaintiff convicted in state court challenges "the nature or duration of his sentence, [his] claim must be raised in a [28 U.S.C.] § 2254 habeas petition, not a § 1983 civil rights action." *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006). "These

avenues are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action." *Id.*

Because Butler sought injunctive relief that would invalidate or change the nature or duration of his sentence, his claim was not cognizable under § 1983 and instead was subject to the habeas rules of § 2254. *See id.* While Butler also sought monetary relief, that makes no difference because a § 1983 suit for damages must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "[I]f it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Because there is no indication that the 2014 sentence has been invalidated, and Butler's claims would necessarily imply the invalidity of his sentence, the *Heck* bar applies.[2]

Butler argues that the Supreme Court has limited *Heck* to "only those prisoners who were still incarcerated," and that it does not apply to those who, like Butler, allege unconstitutional confinement but are "unable to petition for habeas corpus relief." This argument fails for two reasons. First, this exception was set forth

---

[2] Butler's briefing vaguely refers to a ruling by the Supreme Court of Georgia on March 4, 2019, regarding the prior habeas decision, but it does not appear that the court published its ruling, and Butler does not suggest that the court invalidated his sentence.

in a concurring opinion in *Spencer v. Kemna*, 523 U.S. 1, 21 (1998) (Souter, J., concurring), and neither the Supreme Court nor this Court has applied this exception in a published opinion.

And second, even if we were bound by the exception described in Justice Souter's concurrence, it would not apply here because we see no indication that Butler is "no longer 'in custody' within the meaning of the habeas statute." *Id.* at 20. While he may not be currently confined, he is still considered to be "in custody" for purposes of 28 U.S.C. § 2254 because, according to Butler, his allegedly unlawful sentence does not expire until 2027. *See Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982) ("In the context of habeas proceedings, the 'in custody' requirement may also be met where a petitioner is on probation, parole or bail."). As a result, Butler still suffers from "present restraint" attributable to his state conviction. *Diaz v. Fla. Fourth Jud. Cir.*, 683 F.3d 1261, 1263 (11th Cir. 2012). Accordingly, Butler's case does not fall within the exception described in Justice Souter's concurrence.

To the extent any of Butler's claims survive the *Heck* bar—and we don't think any do—we fail to see any indication in the record that Butler could overcome the significant and numerous obstacles to establishing the defendants' liability, for the reasons explained in greater detail by the district court.

For these reasons, we conclude that a more carefully drafted complaint could not state a plausible claim to relief, and the district court did not err by denying leave to amend. We affirm the district

22-10291                Opinion of the Court                11

court's dismissal of Butler's amended § 1983 complaint and its denial as futile of leave to amend.

AFFIRMED.